UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL HAZZARD and WHITNEY HAZZARD, husband and wife and the marital community therein,

Plaintiffs,

v.

UNION BANKERS INSURANCE COMPANY,

Defendant.

Case No. C13-1162RSL

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' "Motion to Remand Case to State Court" (Dkt. #17) pursuant to 28 U.S.C. § 1447(c). Plaintiffs allege a variety of causes of action arising from defendant's denial of a disability claim. See Notice of Removal (Dkt. #1) at 10-14. Defendant removed the matter asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Id. at 3. Plaintiffs move to remand alleging the amount-in-controversy requirement necessary for diversity jurisdiction is not satisfied. Motion (Dkt. #17) at 3.

The Court has reviewed the parties' submissions. For the reasons discussed below, the Court GRANTS plaintiffs' "Motion to Remand Case to State Court."

## II. DISCUSSION

**A. Background**

In October 2010 plaintiff Daniel Hazzard filed a disability insurance claim with

ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND

1  defendant. Notice of Removal (Dkt. #1) at 9. When defendant denied the claim, plaintiffs filed

2  suit in King County Superior Court. Opposition (Dkt. #19) at 2. Defendant then removed to this

3  Court. Notice of Removal (Dkt. #1).

4  **B. Diversity Jurisdiction**

5      Removal is proper where the district court would have original jurisdiction over the state

6  court action. See 28 U.S.C. § 1441(a). Diversity jurisdiction under § 1332(a) grants original

7  jurisdiction to a district court when there is both diversity of citizenship and an amount-in-

8  controversy exceeding $75,000. 28 U.S.C § 1332(a). As there is complete diversity between the

9  parties,[1] plaintiffs seek remand on the basis that the amount-in-controversy requirement is not

10 satisfied.

11     Defendant has asserted that plaintiffs are seeking at least $76,590 in damages. This

12 calculation includes the contract benefits ($10,400), treble damages under the Insurance Fair

13 Conduct Act (IFCA) ($31,200), damages under the Washington Consumer Protection Act (CPA)

14 ($25,000), and attorney's fees ($9,990).[2] Notice of Removal (Dkt. #1) at 3-4.

15     IFCA allows this Court to "increase the total award of damages to an amount not to

16 exceed three times the actual damages." RCW 48.30.015(2). Defendant has calculated the treble

17 damages award in addition to the claimed benefits for a total of $41,600, or what would amount

18 to quadruple damages under IFCA. This is plainly not how the statute operates. See Burke

19 Family Living Trust v. Metro. Life Ins. Co., No. C09-5388 FDB, 2009 WL 2947196, at *3

20 (W.D. Wash. Sept. 11, 2009) (calculating treble damages under IFCA by multiplying the

21 contract value by three). Plaintiffs may also be able to recover a maximum of $25,000 under the

---

[1] Plaintiffs are citizens of Washington while defendant is a citizen of Florida. Notice of Removal (Dkt. #1) at 3.

[2] Attorney's fees and treble damages may be included in the amount-in-controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998); Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND                -2-

CPA.[3] As this Court's maximum calculation of the amount-in-controversy is $66,190,[4] defendant has failed to meet the minimum threshold of 28 U.S.C § 1332(a).

### III. CONCLUSION

For all the foregoing reasons, this Court GRANTS plaintiffs' motion to remand to state court (Dkt. #17). The Clerk of the Court is directed to remand this case to King County Superior Court and to close this case.

DATED this 25th day of February, 2014.

_____
Robert S. Lasnik
United States District Judge

---

[3] The CPA caps a treble damages award at $25,000. RCW 19.86.090. Plaintiffs may be able to claim damages under both the IFCA and the CPA. See Burke, 2009 WL 2947196, at *3.

[4] The Court reaches this figure by compiling the following damage calculations: $31,200 (IFCA), $25,000 (CPA), and $9,990 (attorney's fees).

ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND					-3-